Betty L. MARCHWINSKI, Appellant,

v.

The TRAVELERS INSURANCE
COMPANY, Respondent.

No. 52531.

Missouri Court of Appeals,
Eastern District,
Division One.

June 16, 1987.

Motion for Rehearing and/or Transfer
Denied July 15, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Thomas A. Connelly, St. Louis, for appellant.

Evans & Dixon, Eugene K. Buckley, Laura B. Allen, St. Louis, for respondent.

CRIST, Judge.

Appellant (beneficiary) appeals from the entry of summary judgment in favor of The Travelers Insurance Company (defendant) on a suit initiated by beneficiary to recover under a group annuity contract obtained by the employer of beneficiary's husband. We affirm.

In 1967, the employer of beneficiary's husband converted a pension plan into an annuity contract which was issued by defendant. As a covered employee, beneficiary's husband was issued a certificate outlining the basic agreement but referring to Group Annuity Contract No. GR–1058 as the controlling agreement. Wife was the named beneficiary.

Under the contract, beneficiary's husband was not entitled to receive any payment unless he was living at age sixty-five. Beneficiary's husband died before his sixty-fifth birthday.

Beneficiary claims the contract should not control. She claims the certificate, the only information purportedly given to her and her husband, provides the sole terms applicable to determine her entitlement to the annuity payments. The certificate does not mention any requirement that beneficiary's husband was required to live to his sixty-fifth birthday. The certificate does provide that there are a guaranteed number of payments that continue to be paid even should beneficiary's husband die. Relying on *Bellamy v. Pacific Mutual Life Insurance Co.*, 651 S.W.2d 490 (Mo.banc 1983), beneficiary claims the survival clause in the contract is repugnant to the language of the certificate and that any ambiguity should be decided against defendant. *See Adair v. General American Life Insurance Co.*, 124 S.W.2d 657, 660 (Mo.App.1939).

The language of the certificate concerning entitlement to annuity payments specifically provides:

THIS IS TO CERTIFY that under and subject to the terms, provisions and conditions of Group Annuity Contract No. GR–1058 issued by the Insurance Compa-

ny to NIEDRINGHAUS METAL PROD-
UCTS Co. the Annuitant named above is
entitled to receive a monthly annuity as
hereinafter described in the amount spec-
ified above, purchased for the Annuitant
under said Contract.

The rest of the certificate, including the
language about guaranteed payments, con-
cerns the amount and the method of pay-
ment of the annuity and not any entitle-
ment to the annuity.

There is no conflict between the lan-
guage of the certificate and the contract as
to the issue of entitlement to the annuity.
The certificate merely says the contract
contains the terms pertaining to entitle-
ment.

More importantly, beneficiary would
have us go beyond *Bellamy*. In *Bellamy*,
the certificate stated the policy covered all
employees while the contract stated only
full-time employees were covered. There
was a positive representation made in the
certificate that was contradicted by the
contract.

In this case, we would have to rely on an
assumption based on an omission if we
were to find the certificate and the contract
conflicted. We would have to assume
there were no limits on entitlement since
none were listed in the certificate. The
practical effect of such a decision would be
that nothing could be omitted from a certif-
icate. Defendant could no longer give out
summaries of its policies.

*Bellamy* only applies if there is a conflict
between the certificate and the contract.
The circuit court correctly found there was
no conflict.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.